UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HIGINIO ALEJANDRO GONZALEZ-REYES,<br><br>Defendant. | Case No.: 23-CR-0202-TWR<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS UNDER 8 U.S.C. § 1326(d)** |

Pending before the Court is defendant Higinio Alejandro Gonzalez-Reyes's motion to dismiss the information pursuant to 8 U.S.C. § 1326(d). (*See* ECF No. 23 ("Mot.").) The Government has filed a response in opposition to the Motion, (*see* ECF No. 30 ("Opp'n")), and Defendant has filed a reply to the Government's response. (*See* ECF No. 31 ("Reply").)

A defendant seeking to collaterally attack a removal order must show: (1) he exhausted the administrative remedies that were available to seek relief against an order of removal; (2) the removal proceedings improperly deprived him of judicial review; and (3) the entry of the order was fundamentally unfair. *See* 8 U.S.C. § 1326(d). The United States Supreme Court has made clear that, to obtain relief under § 1326(d), a defendant must satisfy "each of the statutory requirements of § 1326(d)." *United States v. Palomar-Santiago*, 593 U.S. ___, 141 S. Ct. 1615, 1622 (2021).

Here, Defendant concedes that on January 5, 2023, he was properly served with Form I-851, titled "Notice of Intent to Issue a Final Administrative Removal Order" (the "Notice" or "Notice of Intent"). (*See* Mot. at 20; *see also* ECF No. 23-1 ("Ex. A").) As a noncitizen who had been served with a Notice of Intent, Defendant had certain administrative remedies available to him to challenge that Notice. *See* 8 C.F.R. §§ 238.1(b)(2), (c)(1), (c)(2). Those administrative remedies included the right to file a response to the Notice of Intent, including a rebuttal of the allegations supporting the charge and/or request for the opportunity to review the Government's evidence. *See* 8 C.F.R. § 238.1(c)(1). Had Defendant elected to rebut the allegations contained in the Notice of Intent, he would have been entitled to submit a written response indicating which finding(s) were being challenged, and he would have further been able to support his response with "affidavit(s), documentary information or other specific evidence supporting the challenge." 8 C.F.R. § 238.1(c)(2)(i).

Defendant has failed to provide the Court with any evidence that he pursued or exhausted any of the administrative remedies that were available to him after being served with the Notice of Intent. Significantly, the Final Administrative Removal Order was predicated on the Notice of Intent (which Defendant had the administrative right to challenge) and the "administrative record" (which Defendant had the right to supplement with affidavits, documentary information, or other specific evidence):

> Based upon the allegations set forth in the Notice of Intent to Issue a Final Administrative Removal Order and evidence contained in the administrative record, I, the undersigned Deciding Officer of the Department of Homeland Security[,] make the following findings of fact and conclusions of law. I find that you are not a citizen or national of the United States and that you are not lawfully admitted for permanent residence. I further find that you have a final conviction for an aggravated felony as defined in section 101(a)(43)(A) of the Act, 8 U.S.C. [§] 101(a)(43)(A)[,] and are ineligible for any relief from removal that the Secretary of Homeland Security[] may grant in an exercise of discretion. I further find that the administrative record established by clear, convincing, and unequivocal evidence that you are deportable as an alien convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the Act[,] 8 U.S.C. [§] 1227(a)(2)(A)(iii).

(*See* ECF No. 30-2 ("Ex. 2") at 7.)  Defendant's failure to pursue and exhaust the administrative remedies available to him compels the conclusion that he has failed to meet his burden under § 1326(d)(1).

The Court also finds that Defendant has failed to meet his burden under § 1326(d)(2), which requires him to establish that the administrative proceedings improperly deprived him of the opportunity for judicial review.  It is uncontested that Defendant had thirty days from the date of the Final Administrative Removal Order to file an appeal of that Order with the Ninth Circuit.  (*See* Ex. 2 at 7 ("You have 30 days in which to appeal this decision to the United States Court of Appeals for the Ninth Circuit.").)  In fact, Defendant concedes that he had a right to seek judicial review of the Final Administrative Removal Order.  (*See* Mot. at 21 (arguing that Defendant "did not knowingly and intelligently waive his right to appeal").)  Thus, the record in this matter establishes both that Defendant had the right to appeal the Final Administrative Removal Order to the Ninth Circuit and that he failed to do so.  At the same time, the record is devoid of any evidence that the deportation/removal proceedings "improperly deprived" Defendant of the opportunity to seek judicial (*i.e.*, Ninth Circuit) review of the Final Administrative Removal Order.  *See* 8 U.S.C. § 1326(d)(2); *United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1132–33 (9th Cir. 2013) ("[W]here the defendant has failed to identify any obstacle that prevented him from obtaining judicial review of a deportation order, he is not entitled to such review as part of a collateral attack under 8 U.S.C. § 1326(d). . . . [T]he defendant must show an actual or constructive inability to seek judicial review, related to an alleged error or obstacle in the deportation proceedings, to satisfy § 1326(d)(2).").[1]  Defendant has therefore failed to meet his burden under § 1326(d)(2).

---

[1]  Defendant cites *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1043 (9th Cir. 2012), for the proposition that a waiver of a right to appeal must be considered and intelligent to be valid.  (*See* Mot. at 19.)  While the Court finds that holding to still be good law, the Court finds that the related "exhaustion-excusal" doctrine is no longer valid in light of the Supreme Court's decision in *Palomar-Santiago*.  *See e.g.*, *United States v. Valdivia-Flores*, 876 F.3d 1201, 1206 (9th Cir. 2017) (a frequently cited case for the application of "exhaustion-excusal" doctrine, where the court found the defendant was excused from

As Defendant has failed to satisfy the first two prongs of § 1326(d), the Court finds it unnecessary to address the third prong—fundamental unfairness—as set forth in § 1326(d)(3). For the reasons stated above, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**

Dated: 5/23/2023

HONORABLE TODD W. ROBINSON
United States District Court Judge

---

complying with the first two prongs of 8 U.S.C. § 1326(d) because defendant's waiver of his right to seek judicial review was not "considered and intelligent"). More specifically, pre-*Palomar-Santiago*, the Ninth Circuit's "exhaustion-excusal" doctrine was premised on the notion that a defendant who did not validly waive his right to appeal a deportation order was automatically excused from satisfying the requirements of §§ 1326(d)(1) and 1326(d)(2). *See e.g.*, *Reyes-Bonilla*, 671 F.3d at 1043 ("[W]e must first determine whether Reyes validly waived his right to appeal by signing the waiver section of the 2001 Notice of Intent. If Reyes did not validly waive his right to appeal, the first two requirements under § 1326(d) will be satisfied."). The *Palomar-Santiago* court rejected the Ninth Circuit's "extrastatutory exception" approach to excusing compliance with § 1326(d)'s first two procedural requirements, reiterating that, "[w]hen Congress uses 'mandatory language' in an administrative exhaustion provision, 'a court may not excuse failure to exhaust.'" 141 S. Ct. at 1621 (quoting *Ross v. Blake*, 578 U.S. 632, 639 (2016)). Thus, even assuming for purposes of argument that Defendant's waiver of his right to appeal was not considered and intelligent, that fact does not excuse Defendant from satisfying the requirements of §§ 1326(d)(1) and (d)(2).